**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSE CASTILLO<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>JOSE NELSON PORTILLO<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>    Plaintiffs,<br><br>v.<br><br>C.T. CHIANG OF WASHINGTON, INC.<br>d/b/a CHALIN'S RESTAURANT<br>1912 I Street NW<br>Washington, DC 20006<br><br>WEI W. WANG<br>1478 Carrington Ridge Lane<br>Vienna, VA 22182<br><br>YA PING ZHANG<br>a/k/a JESSICA ZHANG<br>1478 Carrington Ridge Lane<br>Vienna, VA 22182<br><br>    Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiffs worked at Defendants' restaurant, Defendants committed multiple wage violations. Defendants: (1) failed to pay Plaintiffs overtime wages by paying them the same hourly rate across all hours worked, including overtime hours; (2) paid Plaintiffs less than the D.C. minimum wage; and (3) did not pay Plaintiffs "split shift" wages.

2. Plaintiffs bring this action against C.T. Chiang of Washington, Inc., Wei W. Wang, and Ya Ping Zhang ("Defendants") to recover damages for Defendants' willful failure to pay minimum, overtime, and split shift wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5. Plaintiff Jose Castillo is an adult resident of the District of Columbia.

6. Plaintiff Jose Nelson Portillo is an adult resident of the District of Columbia.

7. Defendant C.T. Chiang of Washington, Inc. is a District of Columbia corporation. It does business as Chalin's Restaurant. Its principal place of business is located at 1912 I Street NW, Washington, DC 20006. Its registered agent for service of process is Victor H. Sparrow, III, 1768 Willard Street NW, Washington, DC 20009.

8. Defendant Wei W. Wang is an adult resident of Virginia. He resides at 1478 Carrington Ridge Lane, Vienna, VA 22182. He is an owner and officer of Defendant C.T. Chiang of Washington, Inc. He exercises control over the operations of C.T. Chiang of Washington, Inc. — including its pay practices.

9.      Defendant Ya Ping Zhang is an adult resident of Virginia. She resides at 1478 Carrington Ridge Lane, Vienna, VA 22182. She is an owner and officer of Defendant C.T. Chiang of Washington, Inc. She exercises control over the operations of C.T. Chiang of Washington, Inc. — including its pay practices.

10.     Defendant Ya Ping Zhang is also known as Jessica Zhang.

11.     Defendants own and operate Chalin's Restaurant, located at 1912 I Street NW, Washington, DC 20006.

**Factual Allegations Specific to Plaintiff Castillo**

12.     Plaintiff Castillo worked at Chalin's Restaurant from approximately March 2017 through approximately March 16, 2020.

13.     Plaintiff Castillo worked at Chalin's Restaurant as a kitchen laborer.

14.     Plaintiff Castillo's job duties at Chalin's Restaurant primarily consisted of washing and cutting vegetables, preparing food, seasoning and cutting meat, and cleaning the kitchen.

15.     Plaintiff Castillo typically and customarily worked six days per week.

16.     Plaintiff Castillo typically and customarily worked forty-eight hours per week.

17.     Plaintiff Castillo typically and customarily worked the following schedule:

|           | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|-----------|----------------|--------------|----------------|------------------|
| Monday    |                | *Off*        |                |                  |
| Tuesday   | 10:00 a.m.     | 7:30 p.m.    | 2.0            | 7.5              |
| Wednesday | 10:00 a.m.     | 7:30 p.m.    | 2.0            | 7.5              |
| Thursday  | 10:00 a.m.     | 8:00 p.m.    | 2.0            | 8.0              |
| Friday    | 10:00 a.m.     | 8:30 p.m.    | 2.0            | 8.5              |
| Saturday  | 10:00 a.m.     | 8:30 p.m.    | 2.0            | 8.5              |
| Sunday    | 10:00 a.m.     | 8:00 p.m.    | 2.0            | 8.0              |
|           |                |              |                | **48.0 hours total** |

18.     At all relevant times, Defendants paid Plaintiff Castillo a semimonthly salary.

19. Defendants paid Plaintiff Castillo approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Sep. 01, 2017–Jan. 31, 2019 | $1,100.00 | $10.58 |
| Feb. 01, 2019–Apr. 30, 2020 | $1,200.00 | $11.54 |
| May 1, 2019–Mar. 16, 2020 | $600.00 | $5.77 |

20. At all relevant times, Defendants paid Plaintiff Castillo by check and in cash.

21. Although Plaintiff Castillo worked as a kitchen laborer, on May 1, 2019, Defendants added him to the employee tip pool and reduced his salary.

22. For several reasons, Defendants are ineligible to claim a "tip credit" for the amount of tips Plaintiff Castillo received: (a) Plaintiff Castillo primarily performed job duties that customarily do not receive tips; (b) Defendants failed to pay Plaintiff Castillo the minimum wage even when tips are considered; and (c) Defendants did not inform Plaintiff Castillo that they would claim a tip credit.

23. At all relevant times, Plaintiff Castillo worked more than forty hours per workweek for Defendants.

24. At all relevant times, Defendants paid Plaintiff Castillo the same effective hourly rate across all hours worked.

25. At all relevant times, Defendants did not pay Plaintiff Castillo overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

26. In addition to not paying overtime wages, Defendants did not pay Plaintiff Castillo the applicable federal and D.C. minimum wage.

27. Federal law requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

28. D.C. law required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

29. When Plaintiff Castillo worked both lunch and dinner shifts during the same day, Defendants required him to take a two-hour lunch break.

30. At all relevant times, Defendants were required to pay Plaintiff Castillo for one additional hour at the applicable minimum wage for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996).

31. Defendants never paid Plaintiff Castillo for a "split shift."

32. Plaintiff Castillo worked approximately seven hundred and ninety-eight "split shifts."

33. In total, for Plaintiff Castillo's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $44,400.00 in minimum, overtime, and "split shift" wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Portillo**

34. Plaintiff Portillo worked at Chalin's Restaurant from approximately April 3, 2017 through approximately March 20, 2020.

35. Plaintiff Portillo worked at Chalin's Restaurant as a kitchen laborer.

36. Plaintiff Portillo's job duties at Chalin's Restaurant primarily consisted of washing dishes, preparing and cooking food, and cleaning the kitchen.

37. Plaintiff Portillo typically and customarily worked six days per week.

38. Plaintiff Portillo typically and customarily worked fifty-seven hours per week.

39. Plaintiff Portillo typically and customarily worked the following schedule:

|  | **Start Time** | **End Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|---|
| Monday | 10:00 a.m. | 9:30 p.m. | 2.0 | 9.5 |
| Tuesday | 10:00 a.m. | 9:30 p.m. | 2.0 | 9.5 |
| Wednesday | 10:00 a.m. | 9:30 p.m. | 2.0 | 9.5 |
| Thursday | 10:00 a.m. | 9:30 p.m. | 2.0 | 9.5 |
| Friday | 10:00 a.m. | 9:30 p.m. | 2.0 | 9.5 |
| Saturday | 10:00 a.m. | 9:30 p.m. | 2.0 | 9.5 |
| Sunday | *Off* | | | |
|  |  |  |  | **57.0 hours total** |

40. At all relevant times, Defendants paid Plaintiff Portillo a semimonthly salary.

41. Defendants paid Plaintiff Portillo approximately the following semimonthly salaries:

| **Approximate Dates** | **Semimonthly Salary** | **Effective Hourly Rate** |
|---|---|---|
| Sep. 01, 2017–May 31, 2018 | $950.00 | $7.69 |
| Jun. 01, 2018–Aug. 31, 2019 | $1,100.00 | $8.91 |
| Sep. 01, 2019–Mar. 20, 2020 | $1,000.00 | $8.10 |

42. At all relevant times, Defendants paid Plaintiff Portillo by check and in cash.

43. Although Plaintiff Portillo worked as a kitchen laborer, on September 1, 2019, Defendants added him to the employee tip pool and reduced his salary.

44. For several reasons, Defendants are ineligible to claim a "tip credit" for the amount of tips Plaintiff Portillo received: (a) Plaintiff Portillo primarily performed job duties that customarily do not receive tips; (b) Defendants failed to pay Plaintiff Portillo the minimum wage even when tips are considered; and (c) Defendants did not inform Plaintiff Portillo that they would claim a tip credit.

45. At all relevant times, Plaintiff Portillo worked more than forty hours per workweek for Defendants.

46. At all relevant times, Defendants paid Plaintiff Portillo the same effective hourly rate across all hours worked.

6

47. At all relevant times, Defendants did not pay Plaintiff Portillo overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

48. In addition to not paying overtime wages, Defendants did not pay Plaintiff Portillo the applicable D.C. minimum wage.

49. D.C. law required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

50. When Plaintiff Portillo worked both lunch and dinner shifts during the same day, Defendants required him to take a two-hour lunch break.

51. At all relevant times, Defendants were required to pay Plaintiff Portillo for one additional hour at the applicable minimum wage for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996).

52. Defendants never paid Plaintiff Portillo for a "split shift."

53. Plaintiff Portillo worked approximately eight hundred and four "split shifts."

54. In total, for Plaintiff Portillo's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $62,700.00 in minimum, overtime, and "split shift" wages (excluding liquidated damages).

## Factual Allegations Common to All Plaintiffs

55. Defendant Ya Ping Zhang participated in hiring Plaintiffs.

56. Defendant Ya Ping Zhang participated in setting Plaintiffs' schedules.

57. Defendant Ya Ping Zhang participated in setting Plaintiffs' rate and manner of pay.

58. Defendant Ya Ping Zhang often signed Plaintiffs' paychecks.

59. Defendant Ya Ping Zhang often handed Plaintiffs their pay.

60. Defendant Ya Ping Zhang supervised Plaintiffs.

61. Defendant Wei W. Wang participated in setting Plaintiffs' schedules.

62. Defendant Wei W. Wang participated in setting Plaintiffs' rate and manner of pay.

63. Defendant Wei W. Wang supervised Plaintiffs.

64. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

65. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

66. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

67. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

68. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

69. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

70. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs extra compensation for working a "split shift".

71. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

72. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

73. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

74. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

75. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

76. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

77. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

78. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

79. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

80. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the required minimum wage.

81. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

82. Defendants' violations of the FLSA were willful.

83. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

84. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

85. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

86. The DCMWA required that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, and $14.00 per hour from July 1, 2019 through June 30, 2020. D.C. Code § 32-1003(a).

87. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

88. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

89. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

90. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one additional hour at the D.C. minimum wages when they worked a "split shift".

91. Defendants' violations of the DCMWA were willful.

92. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum, overtime, and split shift wages, an amount equal to three times the unpaid minimum, overtime, and split shift wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

93.  Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

94.  Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

95.  The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

96.  The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

97.  For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime. D.C Code § 32-1301(3).

98.  Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum, overtime, and split shift wages.

99.  Defendants' violations of the DCWPCL were willful.

100. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$432,459.60**, and grant the following relief:

    a.      Award Plaintiffs $428,400.00, consisting of the following overlapping elements:

          i.      unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

          ii.      unpaid D.C. minimum, overtime, and split shift wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

          iii.      unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.      Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

    c.      Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,659.60);

    d.      Award Plaintiffs court costs (currently, $400.00); and

    e.      Award any additional relief the Court deems just.

Date: September 26, 2020                    Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #986001
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*